Delp v Guerra (2019 NY Slip Op 04355)





Delp v Guerra


2019 NY Slip Op 04355


Decided on June 5, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 5, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
COLLEEN D. DUFFY
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2017-05064
 (Index No. 2209/14)

[*1]John Delp, et al., appellants, 
v
Danilo Guerra, respondent.


Cellino & Barnes, P.C., Garden City, NY (John E. Lavelle of counsel), for appellants.
Russo & Tambasco, Melville, NY (Susan J. Mitola of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph Pastoressa, J.), dated April 4, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the defendant's separate motion for summary judgment dismissing the complaint on the ground that he was not liable for the plaintiffs' injuries.
ORDERED that the appeal from so much of the order as denied, as academic, the defendant's motion for summary judgment dismissing the complaint on the ground that he was not liable for the plaintiffs' injuries is dismissed, as the plaintiffs are not aggrieved by that portion of the order; and it is further,
ORDERED that the order is reversed insofar as reviewed, on the law, and the defendant's motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident is denied; and it is further,
ORDERED that one bill of costs is awarded to the plaintiffs.
On June 27, 2012, the plaintiffs, John Delp and Lynn Delp, were involved in a motor vehicle collision with the defendant, Danilo Guerra, in Suffolk County. The plaintiffs commenced this action to recover damages for their personal injuries in January 2014. In the bill of particulars, both plaintiffs alleged, inter alia, that they each sustained serious injuries to the cervical and lumbar regions of their spines.
By notice of motion dated July 7, 2016, the defendant moved for summary judgment dismissing the complaint on the ground that he was not liable for the plaintiffs' injuries (hereinafter the liability motion). By notice of motion dated July 8, 2016, the defendant made a separate motion for summary judgment dismissing the complaint on the ground that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident [*2](hereinafter the serious injury motion). In support of the serious injury motion, the defendant submitted the affirmed reports of an orthopedic surgeon who examined both plaintiffs almost three years after the accident. He measured the range of motion of the cervical and lumbar regions of both plaintiffs' spines and compared the results to what would be considered normal range of motion. He found that both plaintiffs had a normal range of motion, and opined that the injuries to their spines, identified in prior medical reports, had been resolved. He conceded, however, that both plaintiffs' injuries were caused by the accident.
In opposition to the serious injury motion, the plaintiffs submitted the affidavit and incorporated reports of a chiropractor, who examined both plaintiffs more than four years after the accident. He measured the range of motion of the cervical and lumbar regions of both plaintiffs' spines and compared his results to what would be considered normal range of motion. He found that both plaintiffs had range-of-motion restrictions of up to 40%.
In an order dated April 4, 2017, the Supreme Court granted the serious injury motion, finding that the plaintiffs failed to raise a triable issues of fact in opposition to the defendant's prima facie showing. The court denied the liability motion as academic. The plaintiffs appeal.
The appeal from the portion of the order that denied the liability motion as academic must be dismissed, as the plaintiffs are not aggrieved by that portion of the order (see CPLR 5511). Thus, we do not address the plaintiffs' contentions regarding that portion of the order. We note, however, that the defendant should not have made two separate summary judgment motions separated by one day directed at the same parties.
The defendant met his prima facie burden of showing that neither plaintiff sustained a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendant submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of both plaintiffs' spines did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614). In opposition, however, the plaintiffs submitted evidence raising triable issues of fact as to whether they each sustained serious injuries to the cervical and lumbar regions of their spines (see Perl v Meher, 18 NY3d 208, 218-219). Accordingly, the Supreme Court should have denied the serious injury motion.
LEVENTHAL, J.P., DUFFY, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court